757 N.W.2d 355 (2008)
276 Neb. 775
In re Application of David V. HARTMANN for Admission to the Nebraska State Bar on Examination.
No. S-34-070006.
Supreme Court of Nebraska.
November 21, 2008.
*356 Sean J. Brennan, Lincoln, for applicant.
Brad Roth and Chris F. Blomenberg, of McHenry, Haszard, Hansen, Roth & Hupp, P.C., Lincoln, for Nebraska State Bar Commission.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.
PER CURIAM.

INTRODUCTION
David V. Hartmann appeals the decision of the Nebraska State Bar Commission (Commission) denying his application to sit for the July 2007 Nebraska bar examination. Hartmann previously applied to sit for the July 2004 examination. That application was denied, and this court addressed Hartmann's appeal of that decision in 2005.[1] In that case, as well as in this one, the Commission determined that Hartmann did not have the requisite fitness and character to be admitted to the bar. Hartmann claims that he has presented sufficient evidence on this occasion to demonstrate that he has the necessary character and fitness. We agree with Hartmann and grant his application to sit for the bar examination.

BACKGROUND
Hartmann originally applied to sit for the bar examination in 2002. In his application, Hartmann disclosed his complete criminal history, including a 2002 charge of third degree sexual assault. The sexual assault charge was based on allegations made by his then 15-year-old niece. The Commission allowed Hartmann to sit for the July 2002 bar examination, but withheld approval of Hartmann's application on character and fitness grounds until further investigation could be completed. Hartmann then failed the 2002 bar examination and reapplied to sit for the 2004 examination. The Commission denied Hartmann's application based on a lack of character and fitness, focusing specifically on the allegations made by his niece. This court accepted the Commission's recommendation and denied Hartmann's application based on a number of factors,[2] including Hartmann's relatively recent inappropriate behavior with his niece. We also considered an incident in which Hartmann wrote *357 an inappropriate letter to a 14-year-old female student whom he had taught a number of years before, and Hartmann's two arrests for driving under the influence of alcohol, which led to two convictions for reckless driving.
This court cited the testimony of Dr. Robert D. Larson, a psychologist whom Hartmann had seen for a total of eight sessions at the time of the first hearing. Dr. Larson testified that he had concerns regarding Hartmann's ability to handle stress in an appropriate manner. Dr. Larson also testified that he could not state with a reasonable degree of certainty that Hartmann's problems had been resolved. Further, the seriousness and recency of the behavior cast doubt on Hartmann's ability to conduct himself appropriately and there was "insufficient evidence of rehabilitation to safely predict that the pattern of behavior [would] not recur."[3] For those reasons we determined the record did not sufficiently demonstrate that Hartmann's psychological issues were resolved, or if such resolution was even possible.[4]
Hartmann then applied to sit for the July 2007 bar examination. The Commission once again denied his application, and Hartmann appealed. At a hearing held on October 17, 2007, Dr. Larson testified that he had revised Hartmann's diagnosis from adjustment disorder with depressed mood, major depressive disorder, and personality disorder not otherwise specified to major depressive disorder. Dr. Larson stated that he and Hartmann had addressed Hartmann's use of inappropriate coping mechanisms and had worked on finding other ways to combat stress. Dr. Larson also testified that Hartmann had successfully completed counseling and that in Dr. Larson's opinion, to a reasonable degree of psychological certainty, Hartmann would not present a risk to future clients.
Hartmann also testified. In his testimony, Hartmann indicated that he was currently in a long-term relationship with an adult female. He stated that he was sober and would not drink alcohol again, that touching his niece's leg was inappropriate, and that he felt a great deal of remorse for those actions. Hartmann also denied that he had sexually assaulted his niece at any point in the past and stated that he felt it was "very sad that some sort of campaign ... was launched against [him]." Hartmann produced a number of letters written by friends, family members, and coworkers in support of his admission to the bar. After the hearing on Hartmann's appeal, the Commission decided to deny Hartmann's application.

ASSIGNMENT OF ERROR
Hartmann assigns that the Commission erred when it determined that he had not met his burden in showing that he has the requisite character and fitness to be admitted to the bar.

STANDARD OF REVIEW
Under Neb. Ct. R. § 3-115, the Nebraska Supreme Court considers the appeal of an applicant from a final adverse ruling of the Commission de novo on the record made at the hearing before the Commission.[5]

ANALYSIS
This court is vested with the sole power to admit persons to the practice of law in this state and to fix qualifications *358 for admission to the Nebraska bar.[6] Neb. Rev.Stat. § 7-102(1) (Reissue 2007) provides: "No person shall be admitted ... unless it is shown to the satisfaction of the Supreme Court that such person is of good moral character." This court has delegated administrative responsibility for bar admissions solely to the Commission.[7]
Neb. Ct. R. § 3-103, which governs the admission of attorneys, describes the applicable standards for character and fitness of attorneys as follows:
An attorney should be one whose record of conduct justifies the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them. A record manifesting a significant deficiency by an applicant in one or more of the following essential eligibility requirements for the practice of law may constitute a basis for denial of admission.... [T]he essential eligibility requirements for admission to the practice of law in Nebraska are:
(A) The ability to conduct oneself with a high degree of honesty, integrity, and trustworthiness in all professional relationships and with respect to all legal obligations;
(B) The ability to conduct oneself diligently and reliably in fulfilling all obligations to clients, attorneys, courts, and others;
(C) The ability to conduct oneself with respect for and in accordance with the law and the Nebraska Rules of Professional Conduct;
. . . .
(F) The ability to exercise good judgment in conducting one's professional business;
(G) The ability to avoid acts that exhibit disregard for the health, safety, and welfare of others;
. . . .
(J) The ability to conduct oneself professionally and in a manner that engenders respect for the law and the profession.
The applicant for admission bears the burden of proving good character by producing documentation, reports, and witnesses in support of the application.[8] Where the record of an applicant for admission to the bar demonstrates a significant lack of honesty, trustworthiness, diligence, or reliability, a basis may exist for denying his or her application.[9] When evidence exists to indicate that an applicant has engaged in conduct demonstrating a lack of character and fitness in the past, the Commission must determine whether present character and fitness qualify the applicant for admission.[10]
Although the Commission has good reason to be reluctant to grant Hartmann's application, the record before us indicates that Hartmann complied with the conditions set forth in our prior opinion. As noted, we denied Hartmann's application for admission to the bar based on his history of alcohol abuse and inappropriate conduct with underage girls, including his niece.[11] There was also a lack of evidence of rehabilitation in the record at the time.[12] We cited the fact that Hartmann was still *359 undergoing treatment and stated that the record did "not afford a sufficient basis for predicting when, if, or how" resolution of his psychological condition would occur.[13] Our previous opinion suggested that Hartmann would be eligible to sit for the bar examination if he could sufficiently demonstrate that he had resolved his psychological condition.
The record shows that since our denial of Hartmann's previous application, he completed counseling and is taking antidepressant medication. Testimony from Dr. Larson indicated that Hartmann was unlikely to repeat his inappropriate behavior. Hartmann has expressed remorse for the behavior that led to the criminal charges, although he also expressed resentment against his niece and her immediate family for what he insists are false allegations of other conduct which have never resulted in criminal prosecution. Hartmann presented a substantial number of letters in support of his application from those who know him through his employment in the military, in his construction job, and through his volunteer work.
Hartmann presented community involvement affidavits regarding cleanup efforts following a tornado which struck Hallam, Nebraska, Meals on Wheels, and the National Audubon Society. He reenlisted in the Nebraska Army National Guard after he had reached the 20-year retirement mark, and he also served in Iraq in 2003. According to letters sent to the Commission by members of Hartmann's military unit, Hartmann is highly regarded by those with whom he has served.
To the extent the previous denial of Hartmann's application was based on a lack of rehabilitation, we conclude that Hartmann has overcome that obstacle. As noted, according to Dr. Larson, Hartmann has successfully completed counseling and is continuing on antidepressant medication for his psychological condition. Although the Commission's reluctance to grant Hartmann's application to sit for the bar is understandable, the record appears to demonstrate that Hartmann has fulfilled the conditions set forth in our prior opinion. When asked if he perceived Hartmann "to represent a risk of engaging in a pattern of ... inappropriate behavior in the future," Dr. Larson responded that he did "not see that as likely."
Hartmann's rehabilitation, combined with the cited evidence demonstrating character and fitness, is persuasive, and nothing in the record appears to contradict the evidence Hartmann presented. We accordingly grant Hartmann's application to sit for the Nebraska bar examination.

CONCLUSION
Because Hartmann presented sufficient evidence that he has resolved his psychological condition and has been rehabilitated as required by our earlier opinion, and because no evidence to the contrary can be found in the record, we now grant Hartmann's application to sit for the Nebraska bar examination.
APPLICATION GRANTED.
MILLER-LERMAN, J., participating on briefs.
NOTES
[1] In re Application of Hartmann, 270 Neb. 628, 705 N.W.2d 443 (2005).
[2] In re Application of Hartmann, supra note 1.
[3] Id. at 640, 705 N.W.2d at 451.
[4] Id.
[5] In re Application of Antonini, 272 Neb. 985, 726 N.W.2d 151 (2007).
[6] In re Application of Hartmann, supra note 1.
[7] See id.
[8] Id.; In re Application of Silva, 266 Neb. 419, 665 N.W.2d 592 (2003).
[9] See In re Application of Roseberry, 270 Neb. 508, 704 N.W.2d 229 (2005).
[10] See In re Application of Hartmann, supra note 1.
[11] Id.
[12] Id.
[13] Id. at 640, 705 N.W.2d at 451.