NPPD's subordination agreements did not affect NPPD's right to demand the water from other users.

The majority opinion rejects the junior appropriators' argument that permitting NPPD to demand the water from them constituted a recovery of both money and water for loss of the same appropriation right. It reasons that if a "junior appropriator is allowed to use water because of a subordination agreement, the senior appropriator is not receiving that to which it is otherwise entitled." I disagree. This reasoning is contrary to the election of remedies doctrine. An appropriator can enforce an appropriation right or a contract to compensate it for the use of its water, but it is not entitled to a double recovery for the same loss.[11]

Clearly, a senior appropriator cannot demand water from a junior appropriator which has paid compensation for the water's use.[12] But application of the election of remedies doctrine may require other considerations in the context of water law. Because the director did not decide this issue, I would remand the cause for further consideration of the evidence to determine the effect of the subordination agreements on NPPD's right to demand water from the junior appropriators.

[11] See *Genetti v. Caterpillar, Inc.*, 261 Neb. 98, 621 N.W.2d 529 (2001).

[12] See *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 252 P.3d 71 (2011).

---

IN RE APPLICATION OF LORETTA D. COLLINS FOR
ADMISSION TO THE NEBRASKA STATE BAR.
___ N.W.2d ___

Filed July 11, 2014.    No. S-13-1020.

1. **Rules of the Supreme Court: Attorneys at Law: Appeal and Error.** Under Neb. Ct. R. § 3-126 (rev. 2013), the Nebraska Supreme Court considers the appeal of an applicant from a final ruling of the Nebraska State Bar Commission de novo on the record made at the hearing before the commission.

2. **Rules of the Supreme Court: Attorneys at Law.** The Nebraska Supreme Court is vested with the sole power to admit persons to the practice of law in this state and to fix qualifications for admission to the Nebraska bar.

3.  ____: ____. The Nebraska Supreme Court has delegated administrative responsibility for bar admissions solely to the Nebraska State Bar Commission.
4.  **Attorneys at Law: Proof.** The applicant for admission to the Nebraska State Bar bears the burden of proving good character by producing documentation, reports, and witnesses in support of the application.
5.  **Attorneys at Law.** Where the record of an applicant for admission to the Nebraska State Bar demonstrates a significant lack of honesty, trustworthiness, diligence, or reliability, a basis may exist for denying his or her application.
6.  **Attorneys at Law: Disciplinary Proceedings.** Standing alone, a disciplinary reprimand is not a determination that a lawyer lacks the requisite character and fitness to continue practicing law.
7.  **Courts: Jurisdiction: Attorneys at Law.** While the Nebraska Supreme Court is not bound by character and fitness determinations of other jurisdictions, it may consider them in assessing the qualifications of an applicant for admission to the Nebraska State Bar.

Original action. Application granted.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., L.L.O., for applicant.

Loretta D. Collins, pro se.

Jon Bruning, Attorney General, Stephanie Caldwell, and Christopher J. Preston, Senior Certified Law Student, for Nebraska State Bar Association.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

Our rules permit a lawyer to be admitted to practice in Nebraska without taking the bar examination if the lawyer has attained educational qualifications at least equal to those required for applicants for admission by examination, is licensed and in good standing in the practice of law in another state, and has been actively and substantially engaged in the practice of law in another jurisdiction for 5 of the 7 years preceding the application.[1] Persons seeking admission in this way are classified as "Class 1-B applicants."[2]

---

[1] Neb. Ct. R. § 3-119(B) (rev. 2013).

[2] *Id.*

Loretta Collins is a lawyer admitted to practice and in good standing in Alabama and Colorado. She moved for admission in Nebraska as a Class 1-B applicant, but the Nebraska State Bar Commission (Commission) rejected her application, finding she lacked the requisite character and fitness. Collins appeals from the Commission's decision.

## I. FACTS

Collins was honorably discharged from the U.S. Navy after approximately 8 years of active duty. She has been licensed to practice law in Alabama since September 2000 and in Colorado since August 2008. She is in good standing in both states. She applied for admission to the Nebraska bar in 2013, and after reviewing her application and supporting documents, the Commission denied admission due to a lack of acceptable character and fitness. Collins appealed that decision, and an evidentiary hearing was held before the Commission. The Commission then affirmed its decision, and Collins filed this timely appeal.

### 1. DISCIPLINARY RECORD

Collins has no disciplinary record in Colorado. However, between September 29, 2000, and March 22, 2013, five disciplinary complaints were filed against her in Alabama.

### (a) Dismissed Complaints

Three of the complaints were investigated by the Alabama Disciplinary Commission (Alabama Commission) and "screened out" with no action taken. These complaints were filed on February 7, 2011; September 21, 2009; and January 16, 2004.

The February 2011 complaint arose when the Alabama Commission received notice from Collins' bank that a check had been written against her trust account and that the account lacked sufficient funds to cover the check. When contacted by the Alabama Commission, Collins discovered there had been an accounting error and remedied the account. The Alabama Commission took no further action on the complaint. Collins did not disclose this complaint and investigation on her application to be admitted to the Nebraska bar. When

questioned by the Commission, she stated she had forgotten about the complaint.

The September 2009 complaint was filed by a former client and related to the estate of the client's mother. It was investigated and then "screened out" by the Alabama Commission without further action. Collins did not disclose this complaint and investigation on her application to be admitted to the Nebraska bar. When questioned by the Commission, she stated she had forgotten about the complaint.

The January 2004 complaint involved a client's dissatisfaction with services provided by Collins. It was investigated by the Alabama Commission, and no further action was taken. Collins disclosed this complaint and investigation on her application to be admitted to the Nebraska bar.

### (b) Complaints Resulting in Discipline

#### (i) Public Reprimand

The remaining two Alabama complaints resulted in disciplinary action against Collins. She disclosed both actions on her application to be admitted to the Nebraska bar.

The first resulted in a public reprimand and was based on facts that occurred in 2003-04. Sometime around July 2003, Collins agreed to represent Maria Oravec, an elderly woman, in an estate matter. Collins agreed to accept a $6,000 retainer and to bill at $150 per hour thereafter. Based on Collins' hourly bills, Oravec paid Collins the $6,000 plus an additional $3,750. In February 2004, Oravec terminated Collins' services. Almost immediately thereafter, Collins liquidated one of Oravec's investment accounts and deducted a $50,000 fee. Oravec and her new counsel discovered the withdrawal and sued for malpractice.

Collins maintained that in January or February 2004, the parties had renegotiated her fee to a flat $50,000, which would be due once the estate was closed. It is undisputed that her new agreement was not in writing. Collins maintained that when Oravec terminated her services, Collins contacted the Alabama Commission, explained the situation, and was advised to deduct the $50,000 fee from the estate and then withdraw.

Oravec denied agreeing to the $50,000 payment, and whether the Alabama Commission in fact so advised Collins is unclear from the record.

Oravec's new attorney testified before the Alabama Commission that Collins had performed very little work on the estate, that it was not a difficult estate, and that he would have charged Oravec approximately $2,000 total for the necessary legal work. The Alabama Commission found the fees Collins charged Oravec were clearly excessive and publicly reprimanded her. In its report and order entered after the disciplinary hearing, the Alabama Commission found that Collins acted with a "[d]ishonest or selfish motive" and that she refused to "acknowledge [the] wrongful nature of [her] conduct." Oravec also filed a separate action against Collins for malpractice. The malpractice action was settled when Collins agreed to pay $25,000 to Oravec.

### (ii) Private Reprimand

On January 24, 2008, Collins' client entered into a lien assignment with a chiropractor related to treatment received by the client. The lien was for approximately $9,000. Collins settled her client's case for $3,500 and then attempted to get the chiropractor to agree to accept a lesser amount in satisfaction of the lien, but the chiropractor refused. Nevertheless, Collins paid the full $3,500 to the client. The chiropractor filed a complaint with the Alabama Commission, and Collins admitted she failed to honor the lien and eventually paid the chiropractor $2,500 from her own pocket. On February 14, 2013, the Alabama Commission accepted her conditional guilty plea and issued a private reprimand.

### 2. CREDIT AND CRIMINAL RECORD

Collins listed three "DEBTS: Defaults; Past Due; Revocations" on her Nebraska bar application. But when the Commission reviewed her credit history, it found 14 accounts with negative history, including six delinquent filings, seven collection actions, and one "charge off." Collins was asked by letter to "explain the omission of this information and explain the circumstances surrounding each of the negative credit

history" occurrences. She responded by letter with documentation explaining each of the accounts and that they either had been discharged or were current, but did not explain why the information was omitted from her application. During her hearing before the Commission, she stated that her failure to address the omissions "must have been an oversight" and explained that she filled out her application by utilizing a credit report and that the additional negative accounts were not on that report. Collins' credit history demonstrates she has had a credit card or charge account revoked and that she has defaulted on a student loan.

Her criminal history shows she was fined for not paying an occupational license in 2005 and was acquitted of criminal harassment charges brought against her by a former client in 2006. She did not disclose the fine to the Commission. When questioned about it, she stated she was unaware the fine qualified as a crime.

### 3. Bar Commission Findings

After reviewing Collins' application, the Commission had Collins appear before it for an interview. On September 10, 2013, the Commission voted to deny her application based on a lack of acceptable character and fitness. Collins appealed, and a hearing on her appeal was held on October 18. The Commission affirmed its decision to deny admission, and Collins filed this timely appeal.

## II. ASSIGNMENT OF ERROR

Collins assigns, restated and summarized, that the Commission erred when it determined she did not have the present requisite character and fitness for admission to the Nebraska Bar.

## III. STANDARD OF REVIEW

[1] Under Neb. Ct. R. § 3-126 (rev. 2013), the Nebraska Supreme Court considers the appeal of an applicant from a final ruling of the Commission de novo on the record made at the hearing before the Commission.[3]

---

[3] See *In re Application of Hartmann*, 276 Neb. 775, 757 N.W.2d 355 (2008).

## IV. ANALYSIS

[2,3] This court is vested with the sole power to admit persons to the practice of law in this state and to fix qualifications for admission to the Nebraska bar.[4] Neb. Rev. Stat. § 7-102(1) (Reissue 2012) provides: "No person shall be admitted . . . unless it is shown to the satisfaction of the Supreme Court that such person is of good moral character." This court has delegated administrative responsibility for bar admissions solely to the Commission.[5]

The standards for conduct and fitness against which all applicants are measured are set out in Neb. Ct. R. § 3-112 (rev. 2013). As applicable to this case, § 3-112 provides:

> In addition to the admission requirements otherwise established by these rules, the essential eligibility requirements for admission to the practice of law in Nebraska are:
>
> (A) the ability to conduct oneself with a high degree of honesty, integrity, and trustworthiness in all professional relationships and with respect to all legal obligations;
>
> . . . .
>
> (C) the ability to conduct oneself with respect for and in accordance with the law and the Nebraska Rules of Professional Conduct;
>
> . . . .
>
> (F) the ability to exercise good judgment in conducting one's professional business;
>
> . . . .
>
> (H) the ability to use honesty and good judgment in financial dealings on behalf of oneself, clients, and others; [and]
>
> . . . .
>
> (J) the ability to conduct oneself professionally and in a manner that engenders respect for the law and the profession.

---

[4] *Id.*

[5] *Id.*

Neb. Ct. R. § 3-116(A) (rev. 2013) further clarifies the character and fitness standards and states in part:

> The purpose of character and fitness screening before admission to the practice of law in Nebraska is to ensure the protection of the public and to safeguard the justice system. The attorney licensing practice is incomplete if only testing for minimal competence is undertaken. The public is adequately protected only by a system that evaluates character and fitness as those elements relate to the practice of law. The public interest requires that the public be secure in its expectation that those who are admitted to the practice of law are worthy of the trust and confidence clients may reasonably place in their attorneys.

[4,5] The applicant for admission to the Nebraska State Bar bears the burden of proving good character by producing documentation, reports, and witnesses in support of the application.[6] Where the record of an applicant for admission to the bar demonstrates a significant lack of honesty, trustworthiness, diligence, or reliability, a basis may exist for denying his or her application.[7] Our character and fitness standards list the relevant conduct that may be treated as cause for further inquiry before the Commission decides whether an applicant possesses the character and fitness to practice law.[8] As relevant here, that conduct includes:

> (1) misconduct in employment;
> (2) acts involving dishonesty, fraud, deceit, or misrepresentation;
> . . . .
> (4) neglect of financial responsibilities;
> (5) neglect of professional obligations;
> . . . .
> (10) disciplinary action by an attorney disciplinary agency or other professional disciplinary agency of any jurisdiction . . . ; or

---

[6] *Id.*

[7] *Id.*

[8] § 3-116(F).

(11) citation, arrest, charge, or conviction for any criminal offense.[9]

When there is evidence that an applicant has engaged in any such conduct, the Commission decides whether present character and fitness to practice law in Nebraska exists.[10] In doing so, it weighs the significance of the prior conduct against the following factors:

(1) the applicant's age at the time of the conduct;

(2) the recency of the conduct;

(3) the reliability of the information concerning the conduct;

(4) the factors underlying the conduct;

(5) the seriousness of the conduct;

(6) the cumulative effect of the conduct or information;

(7) the evidence of rehabilitation;

(8) the applicant's positive social contributions since the conduct;

(9) the applicant's candor in the admissions process; and

(10) the materiality of any omissions or representations.[11]

Our task in this case is to review de novo the Commission's finding that Collins lacks the requisite character and fitness to be admitted to the Nebraska bar. Collins asserts that she is a Navy veteran and that she is licensed in good standing in both Alabama and Colorado. She further asserts that all of the conduct underlying her disciplinary actions occurred at least 2 years ago and that the omissions regarding her prior disciplinary record and her credit history were completely inadvertent and largely immaterial to the issue of her character and fitness. She contends that she simply forgot about the prior disciplinary complaints. She also relies on letters of recommendation from former clients and character references that were submitted with her application.

---

[9] *Id*.

[10] § 3-116(G).

[11] *Id*.

The Commission, on the other hand, argues the record does not demonstrate present character and fitness to practice law. It relies particularly on Collins' failure to disclose the two prior disciplinary complaints and the 11 additional instances of negative credit history. It also argues that the factual circumstances underlying Collins' public reprimand for taking the $50,000 excessive fee and her private reprimand for refusing to honor the lien indicate she is of questionable professional character. The Commission further argues that her significant financial issues and the evidence of rather substantial debt negatively reflects on her character and fitness to practice law.

[6,7] Standing alone, a disciplinary reprimand is not a determination that a lawyer lacks the requisite character and fitness to continue practicing law. It is the least severe of the sanctions which may be assessed for an attorney's misconduct.[12] And, unlike suspension and disbarment, a reprimand does not curtail or extinguish a lawyer's right to practice. Multiple reprimands are, of course, cause for greater concern. But the fact that Collins remains licensed to practice in Alabama, the jurisdiction which issued the reprimands, is indicative of that State's assessment of her character and fitness to practice law. Likewise, her admission and good standing in Colorado indicate that the licensing authority of that State has deemed her character and fitness to be sufficient. While we are not bound by character and fitness determinations of other jurisdictions, we may consider them in assessing the qualifications of an applicant for admission to the Nebraska State Bar. Based upon our review of the record with respect to the Alabama reprimands received by Collins, we determine that they are insufficient to establish that Collins lacks the requisite character and fitness to practice law in Nebraska.

The Commission primarily argues that Collins' lack of candor on her application about her disciplinary history in Alabama and her financial and criminal history should preclude her admission in Nebraska. In this regard, we have held that an applicant who recklessly fills out an application,

[12] See Neb. Ct. R. § 3-304.

as the consequence of which the application contains false answers, is just as culpable of lacking in candor in the application process as is the applicant who intends to deceive the Commission.[13] Collins acknowledges that there were mistakes on her application, but contends they were honest mistakes. We note that she did disclose four disciplinary complaints in Alabama, but that two of these were duplicative. Two of the five complaints in Alabama were not disclosed. The undisclosed complaints did not result in discipline. Collins explained that she relied on a credit report in disclosing her negative credit history and that she did not disclose her fine for failure to pay an occupation tax because she did not understand that it was a criminal infraction. While we do not condone these inaccuracies in Collins' application, we are willing to accept Collins' explanations and conclude that they are not indicative of reckless behavior which would preclude her admission in Nebraska.

In sum, we determine on the basis of our de novo review that Collins possesses sufficient character and fitness for admission to the Nebraska bar. But we note that Collins' disciplinary record in Alabama will become a part of her disciplinary record in Nebraska, which may be considered by this court in any future disciplinary proceeding.

## V. CONCLUSION

For the reasons discussed, we grant Collins' Class 1-B application for admission to the Nebraska bar. She may be admitted to practice in Nebraska upon payment of the mandatory membership assessment and administration of the oath.[14]

Application granted.

---

[13] *In re Appeal of Lane*, 249 Neb. 499, 544 N.W.2d 367 (1996).

[14] See Neb. Ct. R. §§ 3-128 (rev. 2013) and 3-803(D) (rev. 2014).